**John M. COGSWELL, Plaintiff,**

v.

**Chief Justice Joseph R. QUINN, et al., Defendants.**

**Civ. A. No. 87–C–93.**

United States District Court, D. Colorado.

Sept. 10, 1987.

John Cogswell, Denver, Colo., pro se.

Maurice G. Knaizer, First Asst. Atty. Gen., Denver, Colo., for defendants.

ORDER

CARRIGAN, District Judge.

Plaintiff's claims arise from a disciplinary proceeding commenced against him pursuant to Colo.R.Civ.P. 241.1–241.26. Plaintiff was charged with violating Model Code of Professional Responsibility DR 2–102(B), which prohibits a lawyer in private practice from practicing under a trade name, and DR 6–102(A), which prohibits a lawyer from limiting liability to his clients for malpractice.

At the conclusion of proceedings before an inquiry panel of the Supreme Court of Colorado Grievance Committee, that panel issued a letter admonishing Cogswell for violating the above-stated disciplinary

rules. Cogswell then exercised his option to demand that the letter of admonition be vacated and that a formal complaint be filed against him.

Subsequently, Cogswell filed this action alleging that the disciplinary rules in question violate his rights of free speech, privacy, association and equal protection. He also claims that the rules constitute a restraint of trade and that the Supreme Court of Colorado lacked authority to adopt and promulgate the rules. After this action was commenced, the Grievance Committee persisted in its disciplinary action by filing a formal complaint against Cogswell.

Defendants have filed a motion asking this Court to abstain from hearing the plaintiff's action and to dismiss the plaintiff's complaint because of the ongoing state disciplinary proceedings. The parties have briefed the issues and oral argument would not assist in resolving them.

In support of their motion, the defendants rely on *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). There the Court held that a federal court should abstain from interfering with ongoing disciplinary proceedings within the jurisdiction of a state supreme court. In *Middlesex*, disciplinary proceedings had been commenced against a New Jersey attorney. Instead of filing an answer to the charges, the attorney filed suit in federal district court contending that the state's disciplinary rules violated his constitutional rights. The district court dismissed the complaint on the basis of the abstention principles of *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Third Circuit reversed on the ground that the state disciplinary proceedings did not provide a meaningful opportunity to adjudicate constitutional claims.

The Supreme Court reversed, holding that: (1) the policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved; (2) where such state interests are involved, a federal court should abstain unless the law clearly bars interposition of the constitutional claims; and (3) a state

has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses.

Plaintiff contends that his situation is distinguishable from *Middlesex* because "there was no 'pending' disciplinary proceeding against him at the time he filed his federal complaint." Plaintiff's memorandum, at 2–3. I disagree. At the time the plaintiff filed this action, disciplinary proceedings had already commenced. Specifically, the inquiry panel had already acted pursuant to Colo.R.Civ.P. 241.11 by admonishing Cogswell, and he had requested that a formal complaint be issued. Thus, in every practical sense the state proceeding was pending when the plaintiff filed this action. It follows that abstention is the proper course under *Middlesex*.

It should be noted that the plaintiff does not contend in his response to the defendants' request for abstention that the state proceedings do not provide him an adequate opportunity to raise his constitutional challenges to the disciplinary rules. Nor does he allege that the pending disciplinary proceedings are not within the Supreme Court of Colorado's jurisdiction.

Accordingly, it is ordered that the defendants' Motion for Abstention is granted and the plaintiff's complaint and action are dismissed without prejudice.