**Nick AVILA, Jr., Plaintiff,**

v.

**COLORADO SUPREME COURT GRIEVANCE COMMITTEE, David J. Cordova, Jay Horowitz and Timothy L. Fasing, Defendants.**

No. 88–B–1642.

United States District Court,
D. Colorado.

Jan. 17, 1989.

Nick Avila, Jr., Safford, Ariz., for plaintiff.

Maurice G. Knaizer, First Asst. Atty. Gen., General Legal Services Section, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court on Defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) and for failure to state a claim upon which relief can be granted. (Defendants' motion cites Fed.R.Civ.P. 12(b)(5), but I will treat it as a motion to dismiss for failure to state a claim under Rule 12(b)(6)).

Plaintiff, Nicholas Avila (Avila), an attorney suspended from practice by the Colorado Supreme Court, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985. He asks this court to grant declaratory and injunctive relief on the grounds that the defendants' actions violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution.

### A.

The Colorado Supreme Court has adopted rules of procedure for disciplinary proceedings against attorneys licensed by the State of Colorado. These rules establish a nineteen-member grievance committee which is divided into two hearing panels of nine members each. Colo.R.Civ.P. 241.-2(a) and (c). When a formal complaint is brought against an attorney, it is assigned to one of the hearing panels. The grievance committee chairman then appoints a three-member hearing board consisting of at least one member of the panel assigned to that complaint. Colo.R.Civ.P. 241.14(b). The hearing board conducts a formal hearing. Colo.R.Civ.P. 241.14(c)–(e). At the conclusion of the hearing, the board submits to the panel a report signed by a majority of the board setting forth its findings and recommendations. Colo.R.Civ.P. 241.15. If approved by a majority of the panel, the board's findings and recommendations are adopted in the panel's report. When the panel finds that the charges are proven, it recommends appropriate disciplinary action to the Colorado Supreme Court. In these cases, the panel must file its report, findings and recommendations with the Court. Colo.R.Civ.P. 241.15(b)(3). The attorney may file exceptions to the panel's report, after which the parties may designate portions of the record and file briefs. The Colorado Supreme Court retains plenary authority to review any determination made in the course of a disciplinary proceeding. Colo.R.Civ.P. 241.15(c).

When, as here, an attorney is shown to have been convicted of a serious crime, the Colorado Supreme Court may issue a citation to show cause why the license to practice should not be immediately suspended. C.R.C.P. 241.16(d). Upon consideration, the Colorado Supreme Court may either impose immediate suspension or discharge the show cause order. *Id.* The power of immediate suspension is not limited by the lawyer's appeal of the convictions. *Id.* However, reversal of the conviction on appeal entitles the lawyer to reinstatement. C.R.C.P. 241.16(g).

Presently, Avila is under suspension as a result of his 1986 Colorado state felony conviction for second degree forgery and criminal conspiracy. Later, he was convict-

ed of felony conspiracy to distribute cocaine in federal court. He has appealed this conviction.

A disciplinary hearing was held on October 14, 1988. Avila participated by telephone. He was given 15 days to present written mitigating evidence. To date, no evidence has been received.

In his complaint, Avila challenges defendants' failure to continue his disciplinary proceeding pending completion of his federal criminal appeal, the failure to appoint an attorney to represent him in that proceeding, and the failure to grant a writ of habeas corpus on his behalf to appear at that proceeding. Avila has not challenged the validity of any rule in this case, he filed no objections to any determination of the board or panel, in the disciplinary proceeding and he has sought no review of panel determinations in the Colorado Supreme Court pursuant to C.R.C.P. 241.15(c).

In ruling on a motion to dismiss, whether on the ground of lack of subject matter jurisdiction or for failure to state a claim for relief, the complaint's allegations should be construed favorably to the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). However, even in this light, plaintiff's complaint is deficient and must be dismissed for lack of subject matter jurisdiction.

■ A United States District Court has no authority to review final judgments of a state court in judicial proceedings. 28 U.S.C. § 1257 (1982). This tenet applies in attorney discipline cases where the court is asked to review a state court judicial decision. *See Court of Appeals v. Feldman,* 460 U.S. 462, 485–86, 103 S.Ct. 1303, 1316–17, 75 L.Ed.2d 206 (1983). However, a distinction exists between general challenges to state bar rules and regulations governing discipline and challenges to particular state court disciplinary proceedings. *Id.* While a district court is not required to review a state court judicial decision, it is required to assess the validity of a rule promulgated in a non-judicial proceeding. *Id.* Therefore, district courts must distinguish between general challenges to state bar rules as promulgated and challenges to

state court decisions in particular cases. *Razatos v. Colorado Supreme Court,* 746 F.2d 1429, 1433 (10th Cir.1984).

**B.**

■ Here, Avila does not challenge a disciplinary rule. Rather, he seeks review of the hearing board's decision. Thus, this court lacks subject matter jurisdiction. *See Razatos v. Colorado Supreme Court, supra.*

Moreover, in *Middlesex County Ethics Committee v. Garden States Bar Association,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed. 2d 116 (1982), the United States Supreme Court reiterated the strong federal policy against interference with pending state judicial proceedings and held that when important state interests are involved, the courts must apply the principles of comity and federalism enunciated in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971). Under *Middlesex,* where, as here, (1) the state bar disciplinary hearings are within the constitutionally prescribed jurisdiction of the state supreme court and constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there was an adequate opportunity to raise constitutional issues in the proceeding, abstention is required. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. at 432–37; 102 S.Ct. at 2521–2524.

**C.**

■ Avila's complaint alleges that requiring him to proceed with the disciplinary action will force him to waive his right against self-incrimination. However, as long as a person is not faced with the choice of surrendering either his license or his constitutional privilege against self-incrimination, his participation in administrative proceedings which parallel his criminal case does not raise constitutional questions. *United States v. Kordel,* 397 U.S. 1, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

Furthermore, Colo.R.Civ.P. 241.14(d) protects Avila's right against self-incrimina-

tion. It provides that "the respondent may not be required to testify or to produce records over his objection if to do so would be in violation of his constitutional privilege against self-incrimination." Because Avila's criminal trial has been completed, proceeding with the disciplinary hearing is not an infringement of his right against self-incrimination.

### D.

■ Avila claims that he is indigent and is entitled to appointed counsel in the disciplinary proceeding as a matter of right. The presumption is that an indigent person has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty. *Lassiter v. Department of Social Services,* 452 U.S. 18, 26–27, 101 S.Ct. 2153, 2159, 68 L.Ed.2d 640 (1981). When deciding if a person is entitled to counsel, the court must balance against this presumption the private interests at stake, the government's interest, and the risk that the procedure will lead to erroneous results. *See United States v. Raddatz,* 447 U.S. 667, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980).

■ Disciplinary hearings are "quasi-criminal" but the process due at these proceedings is less elaborate than that afforded a defendant at trial. *Razatos v. Colorado Supreme Court, supra* at 1435–36. The Colorado Supreme Court's disciplinary procedures provide substantial protection. *Id.*

The state has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. *Middlesex County Ethics Committee v. Garden State Bar Assn., supra.* 457 U.S. at 434, 102 S.Ct. at 2522, *Razatos v. Colorado Supreme Court, supra,* at 1436.

The risk of an erroneous determination and the probable value of additional safeguards are minimal. Avila is an attorney. The hearings are conducted in conformity with the Colorado Rules of Civil Procedure, the Colorado Rules of Evidence and the practice in this state in the trial of civil cases. Colo.R.Civ.P. 241.14(d). As an at-

torney, Avila should be familiar with these procedures.

Moreover, the disciplinary action is based upon his conviction in federal district court. The conviction establishes conclusively that Avila committed the crime and he has the right to be heard by the board only on matters of rebuttal of any evidence presented by the Disciplinary Counsel other than proof of the conviction. Colo.R. Civ.P. 241.16(a) & (c).

### E.

■ Avila challenges defendants' failure to grant him a writ of habeas corpus. However, as adjudicators in a state disciplinary proceeding, the defendants' have no such authority. 28 U.S.C. § 2241. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted. The action is dismissed with prejudice.