**James GOODPASTER, Plaintiff,**

v.

**The SUPREME COURT OF COLORADO and the Colorado Supreme Court Grievance Committee, Defendants.**

**Civ. No. 91–B–0361.**

United States District Court, D. Colorado.

July 10, 1991.

James Goodpaster, pro se.

David C. Feola, Asst. Atty. Gen., General Legal Services Section, Denver, Colo., for defendants.

### MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

Before me is a motion to dismiss *pro se* plaintiff James Goodpaster's (Goodpaster) complaint, filed by defendants the Supreme

Court of Colorado and the Colorado Supreme Court Grievance Committee (collectively Colorado Supreme Court). Goodpaster seeks a declaration that the portion of the Colorado attorney disciplinary rules requiring confidentiality is unconstitutional on its face and as applied. He also seeks an injunction prohibiting the Colorado Supreme Court from enforcing the provision. Finally, Goodpaster seeks costs and attorney fees. Because abstention under *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), is appropriate, I decline to exercise jurisdiction and dismiss Goodpaster's complaint.

This dispute arises from a disciplinary action taken against a Colorado attorney after Goodpaster had filed a grievance with the Colorado Supreme Court Grievance Committee pursuant to Colorado's attorney discipline rules. Colo.R.Civ.Proc. 241.1–260.6. The attorney was sent a letter of admonition for his conduct. As the complainant, Goodpaster also received a copy of the admonition with a letter cautioning that the admonition "is confidential and may not be displayed to anyone or in any proceeding without the prior approval of the Colorado Supreme Court." Goodpaster Response, exh. 1.

It is this rule of confidentiality, Colorado Rule of Civil Procedure 241.24, that Goodpaster contends violates his first, sixth and fourteenth amendment rights under the United States Constitution. That rule provides in pertinent part:

> **(a) Confidentiality.** Except as otherwise provided by these Rules or by order of the Supreme Court, all proceedings conducted pursuant to these Rules shall be confidential, and the records of the Committee, Committee panels, and hearing boards shall be confidential and shall not be made public. Any person who wishes to disclose the records of the Committee, Committee panels, and hearing boards shall file a petition setting forth the specific records sought to be disclosed and reasons why the disclosure should be permitted with the Supreme Court. Any person who violates this provision may be subject to punishment for contempt of the Supreme Court.

> Upon final determination of any proceedings conducted pursuant to these Rules, notice of the disposition of the matter shall be given by the Clerk of the Supreme Court to the lawyer, the complainant, their counsel of record, and the Committee Counsel. Any person having received notice that an admonition or private censure has been imposed shall treat such information as confidential and shall not divulge such information to anyone, except by order of the Supreme Court. Any person, other than the Committee, Committee Counsel or Disciplinary Counsel as specified in C.R.C.P. 241.24(b), who wishes to disclose the pendency, subject matter, and status of proceedings conducted pursuant to these rules shall file a petition setting forth the reasons why the disclosure should be permitted with the Supreme Court. Any person who violates this provision may be subject to punishment for contempt of the Supreme Court.

In an effort to obtain permission to disclose the admonition, Goodpaster wrote a Colorado Deputy Disciplinary Prosecutor who replied that Goodpaster needed to petition the Colorado Supreme Court. Goodpaster then wrote the Colorado Supreme Court Grievance Committee Counsel. According to Goodpaster, he has received no response. Goodpaster has not petitioned the Colorado Supreme Court as required by Rule 241.24(a).

■ The Colorado Supreme Court argues that I should abstain from hearing this case under *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). I agree.

■ The *Middlesex* abstention doctrine applies when three conditions are met: (1) the state bar disciplinary hearings are within the constitutionally prescribed jurisdiction of the state supreme court and constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there was an adequate opportunity to raise constitutional

issues in the proceeding. *Middlesex,* 457 U.S. at 432–37, 102 S.Ct. at 2521–24; *see Avila v. Colorado Supreme Court Grievance Committee,* 704 F.Supp. 195, 197 (D.Colo.1989). There is no dispute that the grievance procedures are within the constitutionally prescribed jurisdiction of the Colorado Supreme Court and implicate important state interests. *See Middlesex,* 457 U.S. at 432–35, 102 S.Ct. at 2521–23.

Goodpaster first argues that there are no ongoing state judicial proceedings. I disagree. At the time he commenced this action, the disciplinary proceeding hearing had been held and the admonition issued. The Colorado Supreme Court retains jurisdiction over the matter and there appears to be no time limit on Goodpaster's right to petition the Colorado Supreme Court for permission to disclose the admonition. That Goodpaster has not availed himself of the state-provided avenue does not mean that the proceeding is no longer pending. *See Sun Refining & Marketing Co. v. Brennan,* 921 F.2d 635, 639–40 (6th Cir. 1990); *Cogswell v. Quinn,* 667 F.Supp. 1422, 1423 (D.Colo.1987); *see also Huffman v. Pursue, Ltd.,* 420 U.S. 592, 608, 95 S.Ct. 1200, 1210, 43 L.Ed.2d 482 (1975).

Goodpaster also argues implicitly that the procedures do not afford him an adequate opportunity to raise constitutional issues. He asserts that he "does not trust the State of Colorado or any subdivision thereof to protect any of his rights or provide him with a fair hearing." Response at 1. This belief, even if sincerely held by Goodpaster, does not convince me that Goodpaster's constitutional claims would not be heard fully and fairly. *See Huffman,* 420 U.S. at 610–11, 95 S.Ct. at 1211–12. The grievance procedures explicitly provide a mechanism for Goodpaster to present his claims. Goodpaster has not attempted to invoke the forum provided, and there is no reason to believe that forum would turn a deaf ear to his claims.

Abstention is appropriate in this case.

Accordingly, it is ORDERED THAT

(1) The motion to dismiss *pro se* plaintiff James Goodpaster's complaint, filed by defendants the Supreme Court of Colorado and the Colorado Supreme Court Grievance Committee, is GRANTED;

(2) *Pro se* plaintiff James Goodpaster's complaint is DISMISSED WITHOUT PREJUDICE.