952 F.2d 409
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James GOODPASTER, Plaintiff-Appellant,
v.
The SUPREME COURT OF COLORADO; the Colorado Supreme Court
Grievance Committee, Defendants-Appellees.
 No. 91-1286.
 United States Court of Appeals, Tenth Circuit.
 Jan. 16, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Goodpaster appeals the decision of the district court dismissing his complaint without prejudice.
 
 
 3
 Mr. Goodpaster asserts five issues on appeal. Distilling these issues, however, we are left with but two: (1) whether the district court was correct in concluding it should abstain; and (2) whether the district court should have admitted plaintiff's counsel pro hac vice.
 
 
 4
 * Facts
 
 
 5
 Mr. Goodpaster filed a complaint with the Grievance Committee of the Colorado Supreme Court regarding the actions of a Colorado attorney. The Committee investigated Mr. Goodpaster's complaint and issued a letter of admonition to the charged attorney.
 
 
 6
 Under the applicable Colorado Rules of Procedure,[1] all Grievance Committee proceedings, files, and records are confidential and shall not be made public. This restriction against disclosure also applies to any person receiving notice that admonition has been imposed.[2] The Colorado rules provide any person who makes an unauthorized disclosure is subject to punishment for contempt of the Colorado Supreme Court.
 
 
 7
 The rules also provide that any person who wishes to disclose or make public the status of the proceeding "shall file a petition setting forth ... reasons why the disclosure should be permitted with the Supreme Court." C.R.C.P. 241.24(a).
 
 
 8
 Mr. Goodpaster's attorney, Kevin Fors, wrote a letter to the deputy prosecutor for the Colorado Grievance Committee requesting permission to introduce the letter of admonition into evidence in a state criminal proceeding against Mr. Goodpaster. The deputy prosecutor advised that the request to use the confidential information should be addressed to the Colorado Supreme Court and specifically cited the applicable rule. Mr. Goodpaster has denied receiving this advisory letter.
 
 
 9
 For unknown reasons, Mr. Goodpaster failed to petition the Colorado Supreme Court for permission to make public disclosure. Instead, he filed an action seeking declaratory and injunctive relief in the United States District Court. The thrust of this action was to have the applicable rule of the Colorado Supreme Court declared unconstitutional both on its face and as applied to Mr. Goodpaster. Mr. Goodpaster filed this action pro se.
 
 
 10
 Mr. Goodpaster then filed a motion requesting that Mr. Fors, who was admitted to the bars of the United States Supreme Court, the Eighth Circuit Court of Appeals, the Northern and Southern United States District Courts for the District of Iowa, and the state courts of Iowa, be admitted to the United States District Court for the District of Colorado pro hac vice (for the purposes of this case only). Mr. Goodpaster alleged he had contacted Colorado counsel who denied his request for representation. The district court held this motion in abeyance awaiting Mr. Goodpaster's compliance with Rule 301 of the Local Rules of Practice of the United States District Courts for the District of Colorado. This rule basically requires the motion for admission pro hac vice to be made by a member of the bar of the court and requires the proposed admittee to set forth personal information including the date of law school graduation, the dates of admission to all bars, a recitation that the proposed admittee is in good standing, and the names and addresses of three professional references who are admitted to practice in the state where the visiting attorney principally practices. Mr. Goodpaster set forth none of this information in his pro se motion, nor did he subsequently submit any of this information to the district court.
 
 
 11
 Defendants filed a motion to dismiss Mr. Goodpaster's complaint asserting the Colorado Supreme Court had never been given the opportunity to address the constitutional challenge to its rule. Therefore, Defendants urged the district court to abstain and to dismiss the complaint without prejudice. Mr. Goodpaster filed an opposing brief and the issues were joined.
 
 II
 The District Court's Decision
 
 12
 A hearing was held concerning the motion to dismiss at which Mr. Goodpaster appeared pro se.
 
 
 13
 The district court decided it should abstain from hearing the case under Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). The district court found the three conditions for abstention enunciated in Middlesex had been met, found abstention appropriate, and ordered the complaint dismissed without prejudice.
 
 The district court specifically stated:
 
 14
 The Middlesex abstention doctrine applies when three conditions are met: (1) the state bar disciplinary hearings are within the constitutionally prescribed jurisdiction of the state supreme court and constitute an ongoing state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there was an adequate opportunity to raise constitutional issues in the proceeding. Middlesex, 457 U.S. at 432-37; see Avila v. Colorado Supreme Court Grievance Committee, 704 F.Supp. 195, 197 (D.Colo.1989). There is no dispute that the grievance procedures are within the constitutionally prescribed jurisdiction of the Colorado Supreme Court and implicate important state interests. See Middlesex, 457 U.S. at 432-35.
 
 
 15
 Goodpaster first argues that there are no ongoing state judicial proceedings. I disagree. At the time he commenced this action, the disciplinary proceeding hearing had been held and the admonition issued. The Colorado Supreme Court retains jurisdiction over the matter and there appears to be no time limit on Goodpaster's right to petition the Colorado Supreme Court for permission to disclose the admonition. That Goodpaster has not availed himself of the state-provided avenue does not mean that the proceeding is no longer pending. See Sun Refining & Marketing Co. v. Brennan, 921 F.2d 635, 639-40 (6th Cir.1990); Cogswell v. Quinn, 667 F.Supp. 1422, 1423 (D.Colo.1987); see also Huffman v. Pursue, Ltd., 420 U.S. 592, 608 (1975).
 
 
 16
 Goodpaster also argues implicitly that the procedures do not afford him an adequate opportunity to raise constitutional issues. He asserts that he "does not trust the State of Colorado or any subdivision thereof to protect any of his rights or provide him with a fair hearing." Response at 1. This belief, even if sincerely held by Goodpaster, does not convince me that Goodpaster's constitutional claims would not be heard fully and fairly. See Huffman, 420 U.S. at 610-11. The grievance procedures explicitly provide a mechanism for Goodpaster to present his claims. Goodpaster has not attempted to invoke the forum provided, and there is no reason to believe that forum would turn a deaf ear to his claims.
 
 
 17
 Goodpaster v. Supreme Court of Colo., 766 F.Supp. 917, 918-19 (D.Colo. July 10, 1991).
 
 III
 The Failure to Admit Counsel
 
 18
 When a motion for admission pro hac vice is denied, we review this decision for abuse of discretion. United States v. Collins, 920 F.2d 619, 626 (10th Cir.1990), cert. denied, 111 S.Ct. 2022 (1991); Atchison, Topeka & Santa Fe Ry. v. Jackson, 235 F.2d 390, 393 (10th Cir.1956).
 
 
 19
 Mr. Goodpaster asserts the district court's ruling denied his common law and constitutional right to assistance of counsel.
 
 
 20
 We need not decide the parameters of the right to counsel in a civil proceeding. The district court had the right and obligation to know the information concerning visiting counsel prior to considering a pro se litigant's motion to have such counsel admitted in the case. Neither Mr. Goodpaster nor Mr. Fors, who filed and signed Appellant's brief in this court, ever submitted the required information. This failure deprived the district court of the opportunity to review Mr. Fors's qualifications. We conclude the district court did not abuse its discretion in holding Mr. Goodpaster's pro se motion for the pro hac vice admission of Mr. Fors in abeyance pending compliance with its Local Rule 301. Although Mr. Goodpaster asserts he was unable to comply with Local Rule 301 because he could not find local counsel to sign his motion for admission pro hac vice, this does not excuse his failure to provide the required information.
 
 IV
 Abstention
 
 21
 We begin our analysis by examining Middlesex. There, a New Jersey attorney was investigated and charged with professional misconduct. Instead of responding to the charge, the attorney commenced an action in the United States District Court contending the applicable disciplinary rule violated his First Amendment rights. The Supreme Court held that as the attorney did not even attempt to raise his federal constitutional challenge in the state proceedings, but had the opportunity to do so, abstention was required. Middlesex, 457 U.S. at 435-37. The same principles are applicable to the case before us, and we agree with the district court that Middlesex is dispositive. See also Juidice v. Vail, 430 U.S. 327 (1977); Younger v. Harris, 401 U.S. 37 (1971).
 
 
 22
 Mr. Goodpaster is not without a remedy. Defendant has commendably conceded no statute of limitations exists concerning Mr. Goodpaster's right to petition the Colorado Supreme Court.
 
 
 23
 Ordinarily, a federal court is not free to decline jurisdiction. The case before us was brought to enforce what are alleged to be federally secured rights. If the district court accepted jurisdiction, it would divest the state's tribunal of jurisdiction and defeat the state's manifest interest in regulating the practice of law. Mr. Goodpaster is not directly subject to the state's disciplinary proceedings as was the petitioner in Middlesex. However, the state's interest in regulating the practice of law encompasses the entire procedure surrounding the discipline of its attorneys. Colorado law provides for adequate state court review of Mr. Goodpaster's constitutional claims. Mr. Goodpaster's asserted federal rights clearly will be preserved as the actions of the Colorado Supreme Court ultimately may be appealed to the Supreme Court of the United States. We also note the district court's dismissal was without prejudice.
 
 
 24
 Mr. Goodpaster also argues abstention does not apply as he is seeking only prospective relief and abstention is tantamount to requiring exhaustion. He cites Butterworth v. Smith, 494 U.S. 624 (1990) (striking down Florida's law prohibiting grand jury witnesses from disclosing their own testimony after the term); Wooley v. Maynard, 430 U.S. 705, 710 (1977) (abstention inappropriate when choice between state criminal prosecution or asserting federal rights); and Steffel v. Thompson, 415 U.S. 452, 462 (1974) (abstention inappropriate where only threatened with state criminal prosecution). We believe these cases to be inapposite or distinguishable. Butterworth does not even deal with abstention. Wooley and Steffel involve criminal prosecutions. The Wooley court distinguishes its case from those where "prosecution is threatened for the first time." 430 U.S. at 712. In Steffel, the petitioner was not yet involved in any state court proceedings. As stated above, Mr. Goodpaster's claims are still pending with the state disciplinary committee. Furthermore, Mr. Goodpaster has yet to be prosecuted by the state.
 
 
 25
 In the case before us, Mr. Goodpaster may be threatened by contempt. However, the Supreme Court has expressly found contempt proceedings subject to the abstention doctrine. Juidice, 430 U.S. at 335-36. It is clear the required petition to the Colorado Supreme Court is judicial in nature; however, this is not an exhaustion requirement but rather a comity requirement. See Middlesex, 457 U.S. at 437; Juidice, 430 U.S. at 334.
 
 
 26
 The underpinning of all Mr. Goodpaster's argument and contentions is that the Colorado Supreme Court, as the promulgator of what he describes as a gag rule, would incorrectly apply existing law to defeat his rights. We cannot and will not make such an assumption.
 
 
 27
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Colorado Rule of Procedure Regarding Lawyer Discipline 241.24
 
 
 [2]
 C.R.C.P. 241.24(a)